# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SU-LIN DIAZ, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | Civil No. 5:20-cv-6305-JMG |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**GALLAGHER, J.**                                                                July 16, 2021

## I.    OVERVIEW

Plaintiff Su-Lin Diaz filed suit in this matter pursuant to the Federal Tort Claims Act ("FTCA") alleging that she was struck by a vehicle driven by a negligent federal employee while she was walking across an intersection in downtown Philadelphia.  Presently before the Court is the Government's Rule 12(b)(1) Motion to Dismiss, which asserts that Ms. Diaz did not present a claim for money damages in a sum certain, thereby failing to exhaust her administrative remedies before filing suit.  As a result, the United States argues that this Court lacks subject-matter jurisdiction over Plaintiff's claims.  For the reasons set forth below, the Court finds that Plaintiff did not exhaust her administrative remedies under the FTCA, and that dismissal for lack of subject-matter jurisdiction is appropriate.  Accordingly, Defendant's Motion is granted, and the Complaint is dismissed with prejudice.

1

## II. FACTUAL BACKGROUND

### a. Allegations

Plaintiff alleges that on January 14, 2019, FBI Special Agent Adrian Andresi negligently turned his car into a pedestrian crosswalk while Plaintiff was crossing the street and struck Plaintiff with his vehicle. *See* Compl. ¶¶ 8-11, 15-17. As a result of this accident, Plaintiff contends that she sustained numerous injuries, lost wages, and unpaid medical bills. *Id*. ¶¶ 24-32. On January 15, 2019, the FBI sent Ms. Diaz a Standard Form 95 ("SF-95") and asked her to report any injuries that she may have suffered during the incident, attach all supporting documentation, and return the Form to the FBI. *See* Def. Mot. 2, ECF No. 6. The SF-95 Form included instructions directing claimants to provide "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages, in a sum certain for injury to or loss of property." *Id.* at 3. The FBI received a response from Ms. Diaz's attorney on January 24, 2019. *Id.* at 2. However, while the letter detailed some of the damages Ms. Diaz allegedly sustained, it did not include a completed SF-95 or state the total amount of damages sought. *Id.* That same day, the FBI sent a second blank SF-95 to Ms. Diaz's attorney and again requested that Ms. Diaz complete the Form. *Id.* at 3.

Upon receipt of Ms. Diaz's completed SF-95 on March 21, 2019, the FBI advised Ms. Diaz's attorney that it was still awaiting receipt of all documentation supporting her personal injury and economic loss claims. *Id.* at 4. Additionally, under the "Personal Injury" section of the Form, Ms. Diaz wrote "$500,000 until further info[rmation] available." *Id.*, Ex. D at 3. The FBI received no further communication or documents from Ms. Diaz or her attorney in connection with her claims. *Id.* at 4. Plaintiff thereafter filed a Complaint with this Court alleging that the United States negligently entrusted Agent Andresi with a motor vehicle on the day of the accident. *See* Compl. The Government seeks dismissal of Plaintiff's suit under Federal Rule of Civil Procedure 12(b)(1),

arguing that Plaintiff failed to exhaust her administrative remedies because she did not complete the SF-95 and specify a claim for money damages in a sum certain in accordance with the FTCA. *Id.* Plaintiff counters that they complied with their obligations under the FTCA because the United States failed to raise their assertion when it received and responded to Plaintiff's completed SF-95. *See* Pl. Resp. 3-6, ECF No. 7.

### b. Procedural History

Plaintiffs Su-Lin Diaz and her spouse, Luis Corredor, filed a Complaint against the United States, FBI Special Agent Adrian Andresi, and Angela Amato, the owner of the vehicle driven by Special Agent Andresi, on December 15, 2020. *See* ECF No.1. On February 10, 2021, the parties stipulated to dismiss the claims against Defendants Amato and Andresi. *See* ECF No. 5. The Parties further stipulated to dismissal of Plaintiff Corredor's claim for loss of consortium (Count IV). *Id*. The remaining count (Count I), Ms. Diaz's claim for negligence against the United States, is the subject of the present Motion, which the United States filed on March 15, 2021. *See* ECF No. 6. On March 26, 2021, Plaintiff filed a Response in Opposition to Defendant's Motion. *See* ECF No. 7.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss the complaint by alleging that the court lacks subject-matter jurisdiction over the plaintiff's claims. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). There are two types of 12(b)(1) motions: those that attack the complaint on its face and those that attack the existence of subject matter jurisdiction in fact. *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Facial attacks "assume that the allegations of the complaint are true, but contend that the pleadings fail to present an action within the court's jurisdiction." *Wheeler v. Corrections*

*Emergency Response Team*, No. 18-3813, 2019 WL 2715636, at *3 (E.D. Pa. June 28, 2019) (citing *Mortensen*, 549 F.2d at 891). Factual attacks, on the other hand, contend that even if the pleadings establish subject-matter jurisdiction on their face, the factual allegations within the complaint are untrue, thus rendering the case outside of the court's jurisdiction. *Mortensen*, 549 F.2d at 891.

A 12(b)(1) motion predicated on the contention that the plaintiff has failed to exhaust their administrative remedies prior to filing suit is a factual attack because it challenges the existence of jurisdiction itself. *Medina v. City of Philadelphia*, No. 04-5698, 2005 WL 1124178, at *2 (E.D. Pa. May 9, 2005). Ultimately, the plaintiff bears "the burden of proof that jurisdiction does in fact exist" when faced with a 12(b)(1) motion to dismiss. *Mortensen*, 549 F.2d at 891. If the plaintiff is unable to establish the existence of subject-matter jurisdiction over their claims, the court is without power to hear those claims and must dismiss the case. *Id.* In considering the motion, the Court may evaluate documents outside of the pleadings that are "integral to or explicitly relied upon in the complaint." *Savage v. Temple Univ.*, No. 19-6026, 2020 WL 3469039, at *2 (E.D. Pa. June 25, 2020).

IV. ANALYSIS

The United States is immune from civil causes of action unless it explicitly consents to be sued. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010). Accordingly, when the United States is named as a defendant in a civil lawsuit, the court must first determine that it has jurisdiction to hear the case by confirming that the Government has waived its sovereign immunity. *Id.* The FTCA operates as a limited waiver sovereign immunity for tort claims against the United States and provides the exclusive remedy for "nonconstitutional torts based on the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Couden v. Duffe*, 446 F.3d 483, 498 (3d Cir. 2006) (citing 28 U.S.C. §

2679(b)(1)). Under the FTCA, a tort claimant must first exhaust their administrative remedies prior to filing suit against the United States. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

Claimants may not institute an FTCA action "for any sum in excess of the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b). This provision anticipates that FTCA claimants will seek recovery for a definite amount. *White-Squire*, 592 F.3d at 457. Therefore, in order to exhaust their administrative remedies, a plaintiff must submit to the appropriate agency an executed SF-95, or other written notification of the incident, with a claim for money damages in a sum certain within two years of the date that the claim accrues. *Id.* Prior to filing suit, the agency must also have issued a final written denial of the claim. 28 U.S.C. § 2675(a). These requirements are jurisdictional and thus cannot be waived. *White-Squire*, 592 F.3d at 457. Likewise, given their jurisdictional nature, these provisions must be strictly construed. *Id.* Failure to exhaust the FTCA's administrative remedies within the statutory timeframe "deprives a claimant of federal court jurisdiction over his or her claim." *Tucker v. United States Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982).

Courts in this District have generally held that claims lacking a minimum and maximum amount of claimed damages are too imprecise to constitute a sum certain. *See, e.g.*, *London v. United States*, No. 19-71, 2019 WL 2121053, at *4 (E.D. Pa. May 15, 2019) (finding claim for damages "in an amount not in excess of $50,000" was insufficient to satisfy the sum certain requirement); *Farr v. United States*, 580 F. Supp. 1194, 1196 (E.D. Pa. 1984) (dismissing complaint where plaintiff submitted an administrative claim for "less than $50,000" because the claim was too ambiguous). "Supplying an inexact or ambiguous amount of money damages" conflicts with the statutory requirement that FTCA claimants seek recovery for a definite amount. *See London*, 2019 WL 2121053, at *3 n.3 (citing *White-Squire*, 592 F.3d at 457). This requirement remains in force even if

5

a plaintiff anticipates that they may continue to accrue damages through ongoing medical care or lost wages after they submit their claim. *White-Squire*, 592 F.3d at 458. Even if damages may not be fully ascertainable early in the two-year statutory window, claimants have the flexibility within this period to amend their claim as evidence develops. *See* 28 C.F.R. § 14.2(c) (claim presented in compliance with 28 C.F.R. § 14.2(a) "may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a)"). Alternatively, the plaintiff may ask their treating physician to estimate what further treatment she may require, in addition to the cost of such treatment, and include that cost within her administrative claim. *White-Squire*, 592 F.3d at 459.

The Court finds that Ms. Diaz failed to submit a claim for a sum certain within the time allotted under the FTCA. Instructions on the SF- 95 completed by Ms. Diaz required her to include "a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." *See* Def. Mot., Ex. A at 3. The Form also cautioned that "[f]ailure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights." *Id.* Despite these explicit instructions, Ms. Diaz did not provide the FBI with a sum certain claim. In her SF-95, Ms. Diaz asserted a claim for personal injury damages of "$500,000 until further info[rmation] available" and total damages of "$500,000 until further info[rmation] available." *Id.* at 2. As a result, Plaintiff's claim, which lacks the requisite supporting documents, was subject to the express caveat that it was *not* a sum certain, but instead would be adjusted, potentially up or down, when unspecified further information became available. *See White-Squire*, 592 F.3d at 459-60. However, the purpose of the administrative exhaustion requirement is not to put the Government on notice of a forthcoming claim, but to enable the appropriate agency to

investigate and render a decision regarding its merits. *Flickinger v. U.S.*, 523 F. Supp. 1372, 1377 (W.D. Pa. 1981).

The sum certain requirement is "central to [the] policy of presentment of claims to the appropriate federal agency because it enables the agency head to determine whether the claim can legally be settled by the agency." *White-Squire*, 592 F.3d at 459. The inability of an agency to ascertain the claim's value frustrates this objective. *Id.* In the instant case, Plaintiff did not provide the FBI with a certain, fixed number or any supporting documentation. Accordingly, the FBI did not, and could not, issue a final written denial of her claim. Ms. Diaz therefore not only failed to present claim for a sum certain, but she filed suit prior to any final disposition of her administrative claim, as required under 28 U.S.C. § 2675(a).[1]

While Ms. Diaz may argue that she did not know the full extent of her damages two months after the accident, such contingencies do not excuse the sum certain requirement or spare her claim from dismissal. In the twenty-one months between submitting her SF-95 and filing suit, Ms. Diaz never amended her claim to reflect any actual losses that she may have incurred. Additionally, Ms. Diaz never complied with the instruction that she submit medical records or other documentation to the Government to substantiate, itemize, or aid in calculating her claimed losses. Ms. Diaz also did not respond to the FBI's letters expressly requesting this information. Instead, Ms. Diaz left the

---

[1] The statute provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section." 28 U.S.C. § 2675(a). Plaintiff filed her SF-95 with the FBI on March 21, 2019 and filed the Complaint in this matter on December 15, 2020. According to Plaintiff, the failure of the FBI to render a final disposition of her case within six months constituted a final denial for the purposes of § 2675(a). *See* Compl. ¶ 20. However, allowing Plaintiff to proceed in this manner would frustrate the central policy underlying the FTCA's administrative exhaustion requirement. By submitting to the FBI an uncertain claim without supporting documentation, and ignoring their subsequent attempts to clarify her position, the FBI was not able to investigate and issue a decision, thereby leaving her claims unexhausted. *See London*, 2019 WL 2121053, at *3 (citing *White-Squire*, 502 F.3d at 457). Accepting Plaintiff's argument would, in essence, allow a claimant to circumvent the second prong of the exhaustion requirement by failing to satisfy the first. Given that the "conditions upon which the Government consents to be sued must be strictly observed," the Court cannot sanction such a permissive interpretation of the FTCA. *See White-Squire*, 592 F.3d at 458 (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)).

FBI unable to investigate the extent of her injuries, evaluate her claim, or analyze any damages amount, much less determine whether settlement was appropriate. *See White-Squire*, 592 F.3d at 459 (describing purposes of sum certain claim requirement). Ms. Diaz's wholly uncertain claim was thus insufficient to satisfy this jurisdictional requirements of the FTCA.

Since Ms. Diaz failed to exhaust her administrative remedies, this Court lacks jurisdiction over her claims. *See id.* at 460; *Bruno v. United States Postal Serv.*, 264 F. App'x 248, 248-49 (3d Cir. 2008) (affirming dismissal of FTCA complaint where plaintiff failed to satisfy sum certain requirement by stating either a specific sum or information from which a specific amount could be computed). Ms. Diaz is also now beyond the two-year statutory period within which she was required to satisfy this obligation. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."). Although dismissal of her claims undoubtedly works a hardship upon Ms. Diaz, "the courts 'are not free to enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit.'"[2] *Medina*, 2005 WL 1124178, at *4 (quoting *Flickinger*, 523 F. Supp. at 1377). Ms. Diaz's claims are therefore dismissed with prejudice, as she is unable to cure this defect. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (the court should "permit curative amendment unless such an amendment would be inequitable for futile").

## V. CONCLUSION

Plaintiff failed to submit an administrative claim for money damages in a sum certain prior to filing suit in this matter. As a result, this Court lacks subject matter jurisdiction over the claims in

---

[2] A court may find it more desirable to seek an equitable exception to the harsh outcomes sometimes associated with strict adherence to the requirements of administrative exhaustion. *Flickinger*, 523 F. Supp. 1372 at 1376-77. However, courts must apply the law as written to the facts they are given. It is the province of Congress, not the courts, to consider how these results may be avoided. *See id.*

this case because Plaintiff has not exhausted her administrative remedies under the FTCA. The two-year period in which to do so has since expired, leaving Plaintiff unable to cure this deficiency. Therefore, Defendant's Motion to Dismiss is granted and the Complaint is dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge